UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRANSGUARD INSURANCE COMPANY OF AMERICA, INC., *Plaintiff*, | ) | No. 1:23-cv-00041-JMS-TAB |
| *vs.* | ) | |
| LUX HOLDINGS, LLC AND EMMANUEL RAMOS, *Defendants.* | ) | |

**ORDER**

Defendants have removed this matter to this Court, and have alleged that this Court has diversity jurisdiction. The Court notes the following issues with the jurisdictional allegations in Defendants' Notice of Removal regarding the parties in this action:

- Defendants allege the citizenships of the parties "at all relevant times." But the "relevant" time for diversity purposes is the "time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Defendants must ensure that the citizenships of the parties are alleged as of the time Plaintiff initiated this lawsuit.

- Defendants do not properly allege the citizenship of a corporation. A corporation is deemed a citizen of any state where it is incorporated and a citizen of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). Defendants must allege both in order for the Court to determine whether it has diversity jurisdiction over this matter.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the

underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. *See Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Defendants to file an Amended Notice of Removal by **January 24, 2023**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction. Plaintiff is reminded of its obligation to file a statement within thirty days of Defendants' filing of the Amended Notice of Removal pursuant to Local Rule 81-1, which provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

The parties are advised that, to the extent the Amended Notice of Removal and the Local Rule 81-1 Statement reflect anything other than total agreement regarding any jurisdictional allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

In addition, the Court notes that although this case was removed to the Indianapolis Division of this Court, the documents filed by Defendants list the Terre Haute Division in their captions. This lawsuit was initiated the Clay County, Indiana Circuit Court, and the state court complaint alleges that "Plaintiff's cause of action occurred in Clay County, Indiana." [Filing No. 1-2 at 1-2.] The removal statute provides that a state court case may be removed to "the district

court of the United States for the district and division within which such [state court] action is pending." 28 U.S.C. § 1446(a). Because Clay County, Indiana is within the Terre Haute Division of this Court, this case is properly removed to the Terre Haute Division. As a result, the Clerk is **DIRECTED** to **TRANSFER** this case to the Terre Haute Division, assign a new case number reflecting the transfer, and randomly re-assign a new Magistrate Judge. The parties shall use the new case number going forward. The Clerk shall docket this order in the new case.

Date: 1/10/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**